BOOKOUT, Judge,
concurring specially:
From a vacant lot adjoining the appellant’s premises, the officers could see the items of clothing lying in plain view on the back steps of appellant’s residence. Their initial discovery of that evidence was therefore not illegal or the results of an unreasonable “search” in violation of the Fourth Amendment. They were not therefore required to obtain a search warrant in order to cross the invisible property line into appellant’s open back yard to retrieve the clothing lying in an open area. The Fourth Amendment protects people, not simply places. The appellant had no expectation of privacy in that area of his back yard open to view to any passers-by. Cf. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); Mancusi v. DeForte, 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (1968); Cardwell v. Lewis, 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974); United States v. Santana, 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976); United States v. Miller, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976); South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). I therefore would assign the foregoing as additional authority for the warrantless seizure of the clothing in question.